**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 07-cr-30087-MJR |
| ) | |
| **THOMAS E. WILKERSON, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

**REAGAN, District Judge:**

**A. Introduction and Factual/Procedural Background**

On June 20, 2007, a grand jury returned an indictment against Thomas E. Wilkerson and six other defendants. Wilkerson was charged with two counts: (1) conspiracy to manufacture, distribute, and possess with intent to distribute methamphetamine, and (2) possession of methamphetamine manufacturing products. On September 4, 2007, Wilkerson filed a motion to suppress evidence obtained from the search of the garage and residence of Cathy Nickels on November 6, 2006 (Doc. 92). On December 4, 2007, the Court held a hearing on the motion.

On November 5, 2006, police obtained a warrant to search Nickels's home for controlled substances and paraphernalia. The warrant was supported by an affidavit that explained the following. In late 2004, Cathy Nickels and her husband, Brad Nickels, were charged with manufacturing methamphetamine after a search of their residence revealed items used in the manufacture of methamphetamine and over 900 grams of a substance containing methamphetamine. Brad Nickels was convicted and sentenced to 15 years imprisonment, and Cathy Nickels pled guilty to the conspiracy and was sentenced to 48 months probation. On May 19, 2006, Cathy Nickels gave a positive drug test for methamphetamine and thereafter failed to appear at probation and court

settings. A warrant was issued for her arrest, which remained in effect through November 5, 2006.

The affidavit further states that on November 5, 2006, a confidential source (CS) contacted Deputy Kelvin Worker of the Fayette County Sheriff's Department. The CS stated that while at Nickels's residence earlier that day, both Cathy Nickels and Wilkerson stated that Wilkerson and others would be manufacturing methamphetamine in the garage late that evening. The CS also observed Nickels in the act of grinding pseudoephedrine tablets, and an unknown individual delivered anhydrous ammonia. The affidavit also states that the CS saw two gas masks and was shown an underground room that Cathy Nickels said was used for manufacturing methamphetamine. Additionally, the CS alleged that just before leaving the residence, Nickels stated she was going to Wal-Mart to purchase lithium batteries and Coleman fuel. The CS also claimed that on prior occasions, the CS saw Nickels extract methamphetamine from a coffee filter.

The affidavit further stated that in corroboration of the CS's statements, Deputy Worker obtained records maintained by various establishments selling pseudoephedrine, which indicated that Wilkerson and Nickels made at least 14 pseudoephedrine purchases between April 25, 2006 and November 5, 2006. Additionally, others identified by the CS as being present at Nickels's residence were recorded as having made purchases of pseudoephedrine "in amounts that violate Illinois law." Doc. 122-3, ¶ 12.

Based on the information in the affidavit, Judge Roberts of the Fourth Judicial Circuit, Fayette County, Illinois issued a warrant to arrest Cathy Nickels and to search Nickels's home for controlled substances and paraphernalia. Upon execution of the warrant on November 6, 2006, Wilkerson was arrested while in the process of manufacturing methamphetamine.

Wilkerson now moves this Court to suppress all physical evidence obtained pursuant

to the search warrant on the grounds that the affidavit was insufficient to support a finding of probable cause, and that he had a reasonable expectation of privacy in the garage and residence of Cathy Nickels. For the following reasons, Court **DENIES** the motion to suppress (Doc. 92).

### **B. Analysis**

1. Validity of the Warrant

When the challenged search or seizure was undertaken pursuant to a warrant, the defendant bears the burden of proving that the search was illegal. **United States v. Longmire, 761 F.2d 411, 417 (7th Cir. 1985)**. Additionally, "[w]here the police have acted pursuant to a warrant, the independent determination of probable cause by a [judge] gives rise to a presumption that the arrest or search was legal." *Id.*

In determining whether there is "a fair probability that contraband or evidence of a crime will be found in a particular place," a judge must consider the totality of the circumstances set forth before him. **Illinois v. Gates, 462 U.S. 213, 238 (1983).** In reviewing the validity of a search warrant, "the duty of a reviewing court is simply to ensure that the [judge] had a 'substantial basis for concluding' that probable cause existed." **United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002).** Where the judge only considered the affidavit, as was the case here, "the warrant must stand or fall solely on the contents of the affidavit." *Id.* As a result, the Court will only consider the contents of the affidavit in determining whether the supporting affidavit was sufficient to support the judge's finding of probable cause.

Here, Wilkerson argues that the affidavit is insufficient to make a finding of probable cause because it does not allege that the CS was reliable or that the CS had provided reliable information in the past. In *Koerth*, the Seventh Circuit explained that even where a search warrant

is supported by an affidavit that generically states that the informant is believed reliable without additional supporting facts, the Court must treat the informant as being of "unknown reliability." **312 F.3d 862.** The affidavit in the instant case that was presented to state court Judge Roberts did not discuss the reliability of the CS in this case, and thus, the CS shall be treated as being of "unknown reliability."

However, reliability is only one consideration of many, and probable cause is to be established under a totality of the circumstances test. The Seventh Circuit has identified four other factors to consider:

> (1) the extent to which the police have corroborated the informant's statements; (2) the degree to which the informant has acquired knowledge of the events through firsthand observation; (3) the amount of detail provided; and (4) the interval between the date of the events and police officer's application for the search warrant.

*Id.* **at 866 (citations omitted).**

The affidavit in this case is adequately detailed to support a finding of probable cause. The affidavit includes the informant's detailed first-hand accounts of Wilkerson's statements and actions, as well as those of his alleged co-conspirators. In fact, all of the information provided by the CS is based on first-hand observation. Moreover, the affidavit recounts events observed by the CS within 24 hours of the issuance of the warrant.

Perhaps most persuasive, however, is the fact that Deputy Worker corroborated the CS's information. The affidavit indicates that Deputy Worker was familiar with Cathy Nickels's involvement with methamphetamine manufacturing at this residence as a result of her prior arrest. Additionally, Deputy Worker consulted records that indicated that Wilkerson and Cathy Nickels

4

made at least 14 pseudoephedrine purchases between April 25, 2006 and November 5, 2006. Deputy Worker also noted that two other individuals who regularly visited the Nickels's residence had "documented purchases of pseudoephedrine in amounts that violate Illinois law." Doc. 122-3, ¶ 12.

Under a totality of the circumstances test, the state court judge had sufficient information to make a finding that there was a fair probability that evidence of a crime would be found in Nickels's residence and garage. Therefore, Wilkerson has not rebutted the presumption that the search was legal.

2. Application of the Good Faith Exception Under *Leon*

Having found that the warrant was not illegally issued, the Court need not address whether the good faith exception applies here. However, as the parties have briefed the applicability of the exception, the Court notes the following.

Even in the face of an invalid warrant, a court need not suppress the evidence where a police officer's reliance on the warrant was objectively reasonable. ***United States v. Leon*, 468 U.S. 897 (1984).** "If a defendant is successful in establishing the invalidity of the search warrant, the burden then shifts to the Government to establish that the police relied in good faith on the judge's decision to accept the affidavit and issue the warrant." ***Koerth*, 312 F.3d at 868.** However, the fact that a police officer obtained a warrant is prima facie evidence of the officer's good faith. *Id.*

Wilkerson has failed to rebut the prima facie case that Deputy Worker reasonably believed the affidavit fulfilled the probable cause requirement. **See *id.* at 868.** Wilkerson offers no evidence that the judge abandoned his neutral judicial role, and the affidavit is not "so lacking in indicia of probable cause" so as to make the officer's belief entirely unreasonable. *See id.* As stated

5

above, the affidavit contains detailed first-hand accounts of Wilkerson's and Nickels's actions and statements regarding methamphetamine production.

Though the affidavit itself does not contain facts setting forth Deputy Worker's basis for believing the CS to be reliable, Deputy Worker testified at the December 4, 2007 hearing that he had personal knowledge of the CS's reliability. This included the fact that the CS had provided reliable information in the past that led to an arrest. The CS had also participated in controlled drug-buys. Deputy Worker also stated that he ran a criminal record check on the CS, which indicated no felonies, though the CS was forthright about his or her belief that he or she had been convicted of a felony.

As a result, Wilkerson has not met his burden of rebutting the government's prima facie case. Stated another way, Wilkerson has not proven that a reasonable law enforcement officer could not believe that the warrant was supported by probable cause. Therefore, even if this Court determined that the search warrant was invalid, the good faith exception as stated in *Leon* would prevent suppression of the evidence.

### C. Conclusion

Accordingly, the Court **DENIES** Wilkerson's motion to suppress evidence (Doc. 92).

**IT IS SO ORDERED.**

**DATED this 11th day of December 2007**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**